DECISION AND JUDGMENT ENTRY
This is an appeal from the judgment of the Huron County Court of Common Pleas sentencing appellant, Danny K. Massie, to a term of incarceration. Appellant pled guilty to each count in a bill of information charging him with two counts of rape, in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree, and two counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4), a felony of the third degree.
Appellant's victims were eight and ten years of age. Appellant consented to being found a sexual predator. The trial court sentenced appellant, in an entry journalized on July 28, 2001, to a maximum term of ten years imprisonment on each count of rape, and a maximum term of five years on each count of gross sexual imposition, to be served consecutively, for a total aggregate sentence of thirty years. For the reasons that follow we affirm the decision of the trial court.
Appellant raises the following assignments of error:
 "Assignment of Error No. 1: The Trial Court erred to the prejudice of Defendant-Appellant when it imposed maximum consecutive sentences on the Defendant when the justification for those sentences are findings not made during the sentencing hearing.
 "Assignment of Error No. 2: The Trial Court erred to the prejudice of Defendant-Appellant when it imposed maximum consecutive sentences on the Defendant due to the circumstances of the offense and the history of the offender."
In his first assignment of error, appellant argues that although the trial court made findings pursuant to R.C. 2929.12(B), (C), (D), and (E), the trial court failed to make findings as to any factors listed in R.C. 2929.13 or 2929.14, to justify the maximum and consecutive sentences. We disagree. We find that during the sentencing hearing, although the trial court did not specify the statutory sections that applied, it listed the applicable factors it found relevant in sentencing appellant to maximum, consecutive terms of incarceration.
R.C. 2929.13(C) states that in determining whether to impose a prison term as a sanction for a felony of the third degree, the trial court shall comply with the purposes and principles of sentencing under R.C.2929.11 and 2929.12. R.C. 2929.13(D) states that for a felony of the first degree, it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under R.C. 2929.11. R.C. 2929.13(F) states that judicial release is not available for the offense of rape.
The trial court listed the factors to be considered in R.C. 2929.11 and stated that it took them each into consideration in determining appellant's sentence. The trial court also specifically listed the factors in R.C. 2929.12 that it found present in this case which indicated that appellant's conduct was more serious than conduct normally constituting the offense. Those factors included the psychological injury appellant caused to the two minor victims and the fact that appellant's relationship with the victims facilitated the offense. Hence, the trial court clearly considered the appropriate factors as set forth in R.C.2929.13.
R.C. 2929.19(B)(2)(c) and (d) state that, if the trial court imposes consecutive and maximum sentences under R.C. 2929.14, it shall makefindings and state its reasons for such at the sentencing hearing. R.C.2929.14(B) states that if the trial court imposes a prison term and the offender previously has not served a prison term, then the court shall impose the shortest prison term authorized, unless it finds on the record that "the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." R.C. 2929.14(C) states, in part, that the court may impose the longest prison term authorized "only upon offenders who committed the worst forms of the offense" and "upon offenders who pose the greatest likelihood of committing future crimes." R.C. 2929.14(E)(4), formerly R.C. 2929.14(E)(3), states that if multiple prison terms are imposed:
 "the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
"* * *
 "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
The trial court found on the record that it was sentencing appellant consecutively to the maximum terms of incarceration allowed for the following reasons: (1) "the shortest term would demean the seriousness of the offenses, and they would not adequately protect the public"; (2) appellant committed the worst form of these offenses; (3) appellant poses the greatest likelihood of committing future crime; (4) it was necessary to protect the public and to punish appellant; (5) the sentences were not disproportionate to the conduct and the danger appellant poses; (6) "the harm was so great or unusual that a single term would not adequately reflect the seriousness of the conduct." Clearly these factors found to be present by the trial court are those listed in R.C. 2929.14.
In addition to making the required "findings," pursuant to R.C.2929.19(B)(2)(c) and (d) and R.C. 2929.14, the trial court was required to state its "reasons" for imposing consecutive and maximum sentences. The trial court stated during the sentencing hearing that it considered the following matters in determining appellant's sentence.
There were two victims, both under the age of thirteen. The victims suffered serious psychological harm. Appellant did not use force, alcohol, or threat to prevent victims from resisting; however, the trial court considered the offenses to be the worst form of the offenses because appellant used his position of trust within the family to intimidate the victims into compliance. The trial court likened appellant's misuse of his position to the use of force. The trial court found no factors that would indicate the offense was less serious.
Appellant had a previous conviction for gross sexual imposition as a juvenile, for which he never completed rehabilitative treatment. The trial court noted that recidivism was less likely because appellant had no prior criminal conviction as an adult; however, the trial court noted that appellant was only twenty-one years old. The trial court also noted that a doctor who evaluated appellant stated that he had a moderate to high risk of reoffending. The trial court questioned the term "moderate," considering the fact that appellant admitted to having uncontrollable sexual fantasies involving minor children and because the same doctor who evaluated appellant stated that appellant was not receptive to changing his pattern of behavior.
Based on the foregoing considerations and statements by the trial court, we find that it clearly stated its "reasons" for sentencing appellant to maximum and consecutive terms, as required by R.C.2929.19(B)(2)(c) and (d).
Appellant additionally argues that the trial court violated Crim.R. 43(A), which required defendant's presence during sentencing, by pronouncing a different sentence in its judgment entry than was pronounced during the sentencing hearing. Specifically, appellant argues that the trial court made certain findings for the first time in its judgment entry that should have been made in open court. Based on our above findings, the trial court made all the appropriate findings and stated its reasons for making such findings during the sentencing hearing. Having found that the trial court complied with the applicable sentencing statutes, we find that the trial court did not pronounce a different sentence in its judgment entry. Accordingly, appellant's argument regarding Crim.R. 43(A) is without merit.
We therefore find appellant's first assignment of error not well-taken for the reason that the trial court made the appropriate findings and stated its reasons for sentencing appellant to consecutive, maximum sentences, in accordance with R.C. 2929.11, 2929.12, 2929.13, 2929.14, and 2929.19.[1]
Appellant argues in his second assignment of error that the trial court's sentence is not supported by the record and is contrary to law. We disagree. There is ample evidence in the record to support the sentence rendered by the trial court. Accordingly, appellant's second assignment of error is found not well-taken.
On consideration whereof, this court finds that the judgment of the Huron County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
 JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J.
Richard W. Knepper, J., Mark L. Pietrykowski, P.J., JUDGES CONCUR.
[1] See State v. Edmonson (1999), 86 Ohio St.3d 324.